SMITH v. HÊ–YU–TSE–MIL–KIN.

(Circuit Court, D. Oregon. July 10, 1901.)

No. 2,595.

1. INDIANS—ALLOTMENT OF LANDS—JURISDICTION OF CIRCUIT COURTS.

Act August 15, 1894 (28 Stat. 305), confers on a circuit court of the United States jurisdiction to decree relief to an Indian entitled under the law to an allotment of certain lands, of which right he has been deprived by the rulings of the land department.

2. SAME—RIGHT TO LAND SELECTED—EFFECT OF ERRONEOUS DECISION BY DEPARTMENT.

Complainant was an Indian woman of the Walla Walla tribe, and as such entitled to an allotment of lands under Act March 3, 1885 (23 Stat. 340). After the passage of such act, but before the allotments were made thereunder, she selected certain lands, which she took possession of and improved. Her right to an allotment was denied by the land department, and the lands selected and improved by her were allotted to another member of the tribe, who was put in possession. Such ruling was afterwards reversed, and complainant was allotted other lands, less valuable, which she accepted with the understanding and on the assurance of the agent that it would not prejudice her right to claim the lands selected. *Held* that, her right to an allotment being established, she could not legally be deprived of the lands so selected and improved by her, in favor of another, because of an erroneous decision of the department; her equity being superior to that of the subsequent allottee, who took with notice; nor would her acceptance of the allotment made her create an estoppel, since no one was prejudiced thereby.

In Equity. Suit by Indian to recover lands selected for allotment in severalty.

R. J. Slater and J. F. Hinkle, for plaintiff.
John H. Hall, U. S. Atty., for defendant.

BELLINGER, District Judge. The plaintiff is a full-blooded Indian woman of the Walla Walla tribe, having a white man for her husband. Prior to the allotment of lands on the Umatilla Indian reservation to the confederated bands of Cayuse, Walla Walla, and Umatilla Indians residing thereon, made in pursuance of the act of congress of March 3, 1885, and during the year 1887, plaintiff made selection of the land in controversy, and had the same assigned to her by the reservation agent. She and her husband caused fur-

rows to be plowed around the land so assigned, inclosed the same with a barbed wire fence of two wires, dug a well, and erected some buildings. The entire improvements, according to the finding of the referee, were of the value of from $700 to $775. The allotment of lands was made early in the year 1891 by commissioners appointed for that purpose. Some years previous to this a census roll of the tribe to which plaintiff belonged was made up under the direction of the interior department, which did not include plaintiff's name, she being absent from the reservation at the time. A later list was made out, containing the name of plaintiff, among others, and this was forwarded to the department at Washington, whereupon the allotting commissioners were instructed to make inquiry as to the rights on the reservation of the subsequently listed persons. The commissioners took the testimony of the Indians in relation to the rights of these people, and sent that testimony to the commissioner of Indian affairs at Washington, who decided that such Indians were not entitled to lands, and directed that no allotments be made to them. Accordingly the commissioners refused to allot to plaintiff the lands selected and improved by her, but allotted them to the defendant. The decision of the department against plaintiff's right to an allotment of lands was subsequently reconsidered and reversed, upon the advice of the assistant attorney general that his former opinion against plaintiff's right should not be followed, and that the applicant was entitled to an allotment, whereupon other and less valuable lands were allotted to the plaintiff, who accepted the same with the reservation that her act should not prejudice her right to the land in question, and after the agent, in answer to her question, had informed her that, in his opinion, it would not do so. She has leased a part of the land so allotted, and received rental therefor.

The right of the plaintiff to an allotment having been decided in her favor, it does not appear upon what ground the department refused to cancel the allotment made to the defendant of the lands selected and improved by the plaintiff, and to allot such land to the plaintiff. It is contended for the defendant that this refusal is conclusive of the question in this court, under the provisions of the act of March 3, 1885 (23 Stat. 340), which provides, among other things, that the secretary of the interior shall have power to make needful rules and regulations to carry into effect the provisions of the allotting act, "and shall have power to determine all disputes and questions arising between Indians respecting their allotments." But the later act of August 15, 1894 (28 Stat. 305), confers upon the proper circuit courts of the United States "jurisdiction to try and determine any action, suit or proceedings arising within their respective jurisdictions, involving the right of any person, in who or in part of Indian blood or descent, to any allotment of land under any law or treaty." Under this act jurisdiction has been exercised by a circuit court of the United States, in a case like this, to decree relief, notwithstanding the decision of the question by the land department. Sloan v. U. S. (C. C.) 95 Fed. 193. Jurisdiction is by this act conferred in terms that leave nothing to construction. The findings of the special examiner are supported by the testimony

which he reports. It is established by this testimony, and has been decided by the department, that the plaintiff is entitled to an allotment of lands. The act of congress provides that allotments shall be made upon the selection made by the head of the family. The lands claimed were selected by plaintiff, who took possession of them, and made considerable improvements thereon. This possession continued for a number of years, and until she was forcibly dispossessed by the action of the agents of the government. If she was entitled to an allotment of lands, she was entitled to these lands; and but for the decision of the department, subsequently reversed, there is no doubt but that the land claimed would have been allotted to her. If, then, a wrong has been done her, why should she be denied redress? Upon what principle of equity shall she be estopped to claim the relief prayed for, by the subsequent allotment of other lands to her? No one has been misled or prejudiced by that act. It was done in good faith, upon the advice of the agent, and with the understanding that the plaintiff's right in the premises should not be thereby affected. If she has had rental from the allotted lands, it is presumably not more than she would have received from the more valuable land which she selected. It is argued that she is not entitled to relief because she has not offered to surrender the lands allotted her to the United States. No act on her part is necessary to extinguish her right in the allotment made her. The prayer of her complaint authorizes the canceling of such allotment in granting the relief which she asks. The defendant took with notice of plaintiff's rights. The man who reaps where others have sown cannot invoke an estoppel against those whose labor he appropriates. The defendant's consciousness of this is shown by his denial in his testimony that there were improvements of any kind on this land when it was allotted to him, although the fact is otherwise, and there is no question about it. The plaintiff is entitled to the relief prayed for, and it is decreed accordingly.